UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM JOHN PATTERSON,         )<br>                                              )<br>         **Plaintiff,**                       )<br>                                              )<br>v.                                            )         Case No. 09-CV-0110-CVE-TLW<br>                                              )<br>STATE FARM MUTUAL AUTOMOBILE  )<br>INSURANCE COMPANY,            )<br>                                              )<br>         **Defendant.**                    ) | |

**OPINION AND ORDER**

Now before the Court are Plaintiff's Response in Opposition to "Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal" and Integrated Memorandum of Authority and Request for Costs and Attorney Fees on Remand (Dkt. ## 10, 11) and Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand (Dkt. # 16).[1] Plaintiff's filing has been docketed as a motion to remand (Dkt. # 10) and a motion for attorney fees (Dkt. # 11) associated with his motion to remand. Plaintiff asks the Court to remand this case to the District Court of Tulsa County, because defendant did not file a notice of removal in the appropriate state court case and the notice of removal does not provide a sufficient economic analysis establishing that the amount in controversy exceeds $75,000.

**I.**

Plaintiff was involved in a motorcycle accident on November 16, 2001 and alleges that he suffered personal injuries as a result of the accident. Dkt. # 2, Ex. 3, at 1. At the time of the

---

[1]   Defendant asks the Court to strike plaintiff's reply in support of his motion to remand, because it was untimely. Plaintiff's reply was due on April 28, 2009, but it was not filed until May 4, 2009. Therefore, plaintiff's reply is untimely and defendant's motion to strike the reply (Dkt. # 16) should be granted.

accident, the other driver's insurer, Prudential Insurance Company (Prudential), valued his claim in excess of $100,000, and paid him the other driver's policy limit of $100,000. Patterson claims that he had underinsured motorist coverage through Guideone Insurance (Guideone) of up to $10,000, and he received $10,000 from Guideone following the accident.

Patterson's primary insurer was State Farm Mutual Automobile Insurance Company (State Farm) and he had underinsured motorist coverage of $50,000 with State Farm. He claims that State Farm refused to pay anything on his underinsured motorist claim. Patterson sued State Farm for breach of contract and bad faith in this Court. Patterson v. State Farm Mutual Automobile Insurance Company, Case No. 04-CV-427-CVE-SAJ (N.D. Okla.) (Patterson I). After discovery was completed, State Farm moved for summary judgment on Patterson's bad faith claim. The Court found that State Farm did not act in bad faith by denying Patterson's underinsured motorist claim, and granted State Farm's motion for partial summary judgment. Patterson I, Dkt. # 39. Trial on plaintiff's breach of contract claim was set for October 17, 2005. On September 27, 2005, the parties filed a joint stipulation of dismissal, and Patterson I was dismissed.

On November 15, 2006, Patterson refiled his breach of contract claim in the District Court of Tulsa County, Oklahoma. Patterson v. State Farm Mutual Automobile Insurance Company, Case No. CJ-2006-07233 (Patterson II). He claimed that State Farm determined that his underinsured motorist claim was worth between $76,053.10 and $93,053.19, but had refused to pay anything on the claim. He sought damages in excess of $10,000. The parties do not dispute that Patterson II was not removable, because Patterson's underinsured motorist coverage was limited to $50,000. Patterson II was set for jury trial on February 2, 2009, but State Farm notified the court that its

2

attorneys had a conflict with the jury trial setting. Dkt. # 11, at 12. On January 29, 2009, the state court struck the jury trial and stated that the trial date would be reset at a later time. Id.

On the same day, plaintiff filed a new lawsuit in the District Court of Tulsa County alleging a claim of bad faith against State Farm for its handling of his underinsured motorist claim based on events occurring after November 15, 2006. Patterson v. State Farm Mutual Insurance Company, Case No. CJ-2009-00658 (Patterson III). Patterson "adopt[ed] and re-alleg[ed] as if set forth fully hereafter each allegation made in the petition filed by Plaintiff against Defendant in Tulsa county [sic] on November 15, 2006, Case number CJ-2006-7233." Dkt. # 2-2, at 1. He claimed that State Farm engaged in bad faith by ignoring new evidence submitted by plaintiff in support of his underinsured motorist claim, and State Farm continued to ignore evidence he previously submitted concerning his medical condition. Although he re-alleged every allegation from the complaint in Patterson II, he specifically limited his request for relief to "compensatory extra contractual damages" in amount in excess of $10,000 and punitive damages in excess of $10,000. Id. at 2.

On March 2, 2009, State Farm filed a notice of removal in this Court stating that it was removing a case filed on January 29, 2009 in the District Court of Tulsa County. Dkt. # 2, at 1. This is a clear reference to Patterson III. However, State Farm filed a copy of the notice of removal with the state court in Patterson II.[2] Dkt. # 11, at 13. In the notice of removal, State Farm states that the amount in controversy in Patterson III exceeds $75,000, because Patterson alleged a bad faith claim against it seeking actual and punitive damages and he re-alleged his breach of contract claim in Patterson III by incorporating all of the allegations of Patterson II. Dkt. # 2, at 3-4. According to

---

[2] Defendant filed a copy of the notice of removal with the state court on April 2, 2009, and the state court took no action in Patterson III between January 29 and April 2, 2009. See Dkt. # 14, Ex. 3 (docket sheet in Patterson III current through April 14, 2009).

3

State Farm, Patterson has placed the full value of his breach of contract claim in Patterson II at issue in Patterson III. Thus, State Farm argues that the Court should add $50,000 to the amount in controversy in addition to any amounts that Patterson seeks to recover for State Farm's alleged bad faith after November 15, 2006. Patterson filed a motion to remand (Dkt. # 10) and a motion for attorney fees associated with litigating the motion to remand (Dkt. # 11).

## II.

Plaintiff raises two arguments in support of his motion to remand. First, he argues that defendant filed the notice of removal in the wrong state court case, and it did not timely remove this case to federal court. Second, plaintiff claims that the notice of removal does not establish that the amount in controversy exceeds $75,000.

### A.

Plaintiff claims that defendant filed its notice of removal in Patterson II instead of Patterson III, and this Court should remand the case to the District Court of Tulsa County due to this procedural defect in the removal process. State Farm responds that the procedural defect noted by plaintiff is not fatal to the removal of Patterson III and, in any event, the error was corrected as soon as plaintiff notified State Farm of the defect in his motion to remand.

State Farm filed a notice of removal of Patterson III in this Court on March 2, 2009, but State Farm acknowledges that it initially filed a copy of the notice of removal in Patterson II, instead of Patterson III, in state court. It is clear from the notice of removal and documents submitted with the notice of removal that State Farm intended to remove Patterson III. In the notice of removal, State Farm refers to a case filed on January 29, 2009 and it attached to the notice of removal a copy of the complaint and docket sheet for Patterson III. State Farm filed a copy of the notice of removal in

Patterson III in state court on April 2, 2009. Dkt. # 14, Ex. 3. Neither party took any action in Patterson III in state court between March 2 and April 2, 2009. Id.

Under the removal statutes, a federal district court assumes jurisdiction over a case when a defendant files a notice of removal with the court clerk of the district court. Schliewe v. Toro, 138 Fed. Appx. 715 (6th Cir. June 23, 2005); In re Diet Drugs Prods. Liability Litigation, 282 F.3d 220, 232 (3d Cir. 2002). Under 28 U.S.C. § 1446(d), a defendant must "[p]romptly . . . give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded." Failure to notify the clerk of the state court results in concurrent jurisdiction over the same case by state and federal courts, because the state court's jurisdiction is not terminated until a copy of the notice of removal is filed with that court. Resolution Trust Corp. v. Nernberg, 3 F.3d 62 (3d Cir. 1993).

In this case, defendant attempted to remove Patterson III to federal court, but informed the state court that it was removing Patterson II. This is analogous to cases when the defendant has failed to notify the clerk of the state court of removal to federal court and, even when a defendant wholly neglects to file the notice of removal with the state court, this does not defeat removal if the error is "promptly" corrected. See Dukes v. South Carolina Ins. Co., 770 F.2d 545 (5th Cir. 1985) ("Failure to file a copy of the notice of removal petition with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction"); Kosen v. Ruffing, 2009 WL 56040 (S.D. Cal. Jan 7, 2009) (defendant's complete failure to file copy of notice of removal with state court required remand, but short delays may not necessitate remand); Browning v. American Family Mut. Ins. Co., 2008 WL 5352064 (D. Colo. Dec. 17, 2008) (18 day delay between filing notice of

removal with federal court and copy of notice of removal with state court satisfied "prompt" filing requirement of § 1446(d)); Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246 (S.D.N.Y. 2000) (finding the defendant's failure to file a copy of the notice of removal with the state court was "harmless" when no action was taken by state court and the defendant corrected the error in a prompt manner). As a general rule, district courts do not remand cases to state court when the sole error alleged is a short delay in filing a copy of the notice of removal with the state court.

The Court finds that defendant's failure to file a copy of the notice of removal in Patterson III until April 2, 2009 does not require remand. Defendant attempted to file a copy of the notice of removal with the state court, but inadvertently filed the notice of removal in the wrong case. Plaintiff's decision to file multiple lawsuits concerning the same subject matter and his method of pleading in Patterson III contributed to any confusion in the removal process. Although defendant delayed 30 days between filing the notice of removal in federal court and a copy of the notice of removal in the correct state court case, the Court does not find that defendant violated the "prompt" filing requirement of 1446(d). See Whitney v. Wal-Mart Stores, Inc., 2004 WL 1941345 (D. Me. Aug. 31, 2004) (six month delay in filing copy of notice of removal with state court did not require remand). In any event, plaintiff's motion to remand indicates that he knew which case defendant intended to remove and the error was harmless. When plaintiff notified defendant of its error by filing a motion to remand, defendant corrected the error as soon as it learned of its mistake. Most importantly, the state court did not take any action in Patterson III between March 2 and April 2, 2009. Therefore, the Court finds that defendant's failure to immediately file a copy of the notice of removal in Patterson III does not require remand.

**B.**

Plaintiff also argues that the notice of removal does not establish that the amount in controversy exceeds $75,000, and the case should be remanded for lack of subject matter jurisdiction. State Farm asserts that plaintiff has alleged claims for breach of contract and bad faith in Patterson III and, based on policy limit for underinsured motorist coverage and plaintiff's prior settlement demands, the amount in controversy exceeds $75,000.

A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than

8

$75,000 at issue in the case. The removing defendant bears the burden of establishing by a preponderance of the evidence federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873; Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

The Tenth Circuit has recently clarified the defendant's burden to establish facts supporting the amount in controversy by a preponderance of the evidence. In McPhail v. Deere Co., 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit described the historical roots of diversity jurisdiction and noted that diversity jurisdiction was designed to protect out of state defendants from prejudice in state courts. Id. at 953. However, both Supreme Court and Tenth Circuit precedent places the burden on the removing defendant to establish diversity jurisdiction with "actual proof of jurisdictional facts . . . at a stage in the litigation when little actual evidence is yet available." Id. Under McPhail, the defendant bears the burden to prove the jurisdictional facts by a preponderance of the evidence and, once the jurisdictional facts are established, uncertainty about the amount the plaintiff may recover justifies dismissal only if it is "legally certain" that plaintiff could not recover in excess of $75,000. Id. at 955 (citing Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)). The Tenth Circuit identified several methods that a removing defendant may use to prove the jurisdictional facts by a preponderance of the evidence when the complaint relies on

9

state court pleading rules that do not require the plaintiff to allege a specific amount of damages. First, the defendant may rely on facts stated in the complaint to estimate the amount of damages plaintiff is seeking. Id. at 955-56. Second, a defendant may rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in defendant's possession. Id. at 956 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). Third, any settlement offers between the parties suggesting that the amount in controversy exceeds $75,000 should be considered by the district court. Id. at 956.

In McPhail, the Tenth Circuit found that the defendant had satisfied its burden to prove by a preponderance of the evidence facts establishing that the amount in controversy exceeded $75,000. The plaintiff's attorney consistently refused to stipulate that the amount in controversy exceeded $75,000, even though plaintiff's attorney informally represented to defense counsel that the plaintiff was seeking over $75,000 in damages. Id. at 957. The Tenth Circuit also considered the factual allegations of the plaintiff's complaint, which alleged that the plaintiff's decedent, Willis Ray McPhail, suffered severe and permanent injuries before his death and his surviving spouse was seeking all damages permitted by Oklahoma law in addition to harm suffered by the plaintiff's decedent. The plaintiff's claim for punitive damages, which could reach $100,000 under Oklahoma law, was also relevant evidence tending to show that the amount in controversy exceeded $75,000. Id.

Plaintiff claims that he intended to incorporate the factual allegations of the complaint from Patterson II, but he did not intend to re-allege a breach of contract claim in Patterson III. However, his complaint in Patterson III states the he "adopts and re-alleges as if set forth fully hereafter each allegation made in the petition filed by plaintiff against defendant [in Patterson II]." Dkt. # 2, Ex.

10

1, at 1. If plaintiff intended to incorporate only some of the allegations from the complaint in Patterson II, he should have been clearer and fully set forth all applicable allegations in his complaint in Patterson III. His method of pleading was confusing and, at first glance, it does appear that plaintiff re-alleges all of his allegations, including his breach of contract claim, from his complaint in Patterson II.

Upon closer inspection, the Court finds that plaintiff has not alleged a breach of contract claim in Patterson III. Although he re-alleges "each allegation" of his complaint in Patterson II, the other allegations of the complaint and his prayer for relief provide sufficient evidence that he intended to allege a claim of bad faith only in Patterson III. In addition to the incorporated allegations from Patterson II, plaintiff also alleges that:

> 2. Since the filing of the Plaintiff's petition on November 15, 2006 in CJ-2006-7233, Defendant has tortiously violated its contractual duty of good faith and fair dealing, has committed tortious breach of the insurance contract or alternatively stated, Defendant has acted in Bad Faith.
>
> 3. Defendant's tortious actions since November 15, 2006 included, but are not limited to ignoring new evidence of Plaintiff's injuries resulting from the November 16, 2001 motorcycle crash.

Dkt. # 2-2, at 1. Plaintiff limits his request for relief to "compensatory extra contractual damages" in amount in excess of $10,000 and punitive damages in excess of $10,000. Based on these allegations, it does not appear that plaintiff alleged a breach of contract claim in Patterson III.

State Farm's argument that the amount in controversy exceeds $75,000 is based on the cumulative value of plaintiff's breach of contract and bad faith claims. Dkt. # 2, at 3-4; Dkt. # 14, at 2. Plaintiff's breach of contract claim and the $50,000 limit on his underinsured motorist coverage do not provide a reasonable estimate of the amount in controversy in plaintiff's bad faith claim. The Court has reviewed plaintiff's complaint, the notice of removal, and all documents

attached to the notice of removal, and cannot find any evidence relating to the amount in controversy for plaintiff's bad faith claim. Plaintiff's complaint simply establishes that he is seeking compensatory damages and punitive damages in excess of $10,000 and, accepting these allegations as true, the amount in controversy is approximately $20,000. Without considering plaintiff's breach of contract claim as part of the amount in controversy, there is no possibility that the amount in controversy exceeds $75,000 and this case should be remanded to the District Court of Tulsa County.

## C.

Plaintiff's motion for attorney fees (Dkt. # 11) under 28 U.S.C. § 1447(c) is denied. The standard for awarding fees under § 1447(c) turns on the "reasonableness" of a defendant's decision to file a notice of removal and, when a defendant has an objectively reasonable basis to seek removal, attorney fees should not be awarded. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Although the Court has determined that removal of Patterson III was improper, plaintiff's decision to file multiple lawsuits concerning similar subject matter and his confusing pleading in Patterson III caused defendant to believe that Patterson III could be removed to federal court. Therefore, defendant's decision to attempt removal was not unreasonable and plaintiff is not entitled to attorney fees.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. # 10) is **granted**, and his motion for attorney fees (Dkt. # 11) is **denied**. The Court Clerk is direct to remand this matter to the District Court of Tulsa County.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand (Dkt. # 16) is **granted**.

**DATED** this 21st day of May, 2009.

                                                    CLAIRE V. EAGAN, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT